Thimesch Law Offices
TIMOTHY S. THIMESCH, Esq. (No. 148213)
GENE FARBER, Esq., Esq. (No. 44215) - Of Counsel
158 Hilltop Crescent
Walnut Creek, CA 94576-3452
Direct: (925) 588-0401
Facsimile: (888) 210-8868
tim@thimeschlaw.com
genefarber@gmail.com

Attorneys for Plaintiff
RICHARD SKAFF

E-filing

FILE BY FAX

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RICHARD SKAFF,

Plaintiff,

v.

UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive,

Defendants.
_______________________________/

CASE NO. ______________
Civil Rights

**COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF AND DAMAGES:** DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, SECTION 504 OF THE REHABILITATION ACT OF 1973, AND CALIFORNIA'S DISABLED RIGHTS STATUTES

**DEMAND FOR JURY TRIAL**

[Proper Intradistrict Assignment: San Francisco/Oakland]

Plaintiff RICHARD SKAFF, on behalf of himself and all other similarly situated disabled persons, hereby complains of defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO, a governmental entity; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION, a California Public Benefit Corporation, also doing business as "Uptown Parking Corporation"; and DOES 1 through 50, Inclusive (hereafter "defendants"), and demands a trial by jury, and alleges as follows:

**INTRODUCTION**

1. Plaintiff RICHARD SKAFF is a person with physical disabilities and utilizes a wheelchair for mobility. He files suit against the owners and operators of the City's newly renovated Union Square, which is described locally as the "heartbeat of San Francisco itself." His goal in this suit is a positive one: to achieve full and equal access to the square for all persons alike regardless of their physical condition.

2. The configuration of the square, its paths of travel, business, service and condiment counters and parking garage facilities and policies deny basic access to persons with disabilities. The barriers include the absence of a path of travel from the public right of way, inaccessible parking facilities, discriminatory policies, practices and procedures for using the parking garage, and inaccessible service counter facilities. These and other facilities at the square all fail to provide the "full and equal" access required by Title II of the Americans With Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, the California Disabled Rights Acts (sections 54 and 54.1ff Civil Code), and Title 24 of the California Code of Regulations (now known as the California Building Code). As a result, plaintiff has been continuously denied access and/or deterred from visiting the square during the two years preceding the filing of this complaint, suffered violation of his Civil Rights to full and equal access, suffered a denial of his right to due process, was embarrassed and humiliated, and suffered statutory and general damages. Plaintiff seeks injunctive and injunctive relief requiring

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

provision of access under the Americans With Disabilities Act of 1990 at section 308(a), and section 504 of the Rehabilitation Act of 1973; injunctive relief for "full and equal access" under California law; and statutory damages for plaintiff under California law.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code Sections 19955 *et seq.*, including Section 19959; Title 24 California Code of Regulations; and California Civil Code Sections 54 and 54.1 *et seq.*

4. Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

5. **Intradistrict Jurisdiction.** Under intradistrict as the real property that is the subject of this action is located in the San Francisco/Oakland intradistrict and plaintiff's causes of action arose in the San Francisco/Oakland intradistrict (a property located in San Francisco).

6. Plaintiff RICHARD SKAFF has timely complied with applicable government claims procedures relative to his state

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

law claims of discrimination. He has served a government claim on the interested respondent. Plaintiff will automatically seek damages as to the state cause of action if the claim is rejected formally or by operation of law. Plaintiff's claim alleges continuous and ongoing discrimination.

7. On information and belief, defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive, routinely and automatically reject claims alleging damage due to disabled access discrimination, such as the claims presented by the plaintiff in this case. Further, because plaintiff is deterred from making use of the square on sustained basis, the claims presented here allege continuous and ongoing discrimination. Plaintiff's complaints, both written and oral, to city and county personnel have been largely ignored. Plaintiff alleges that it would be a futile gesture to file further government claims relating to plaintiff's continuous visits square, which are certain to occur on regular basis following the filing of this complaint. Therefore, plaintiff reserves, and will seek to supplement his complaint at time of trial as to his subsequent use of the square, according to proof.

**PARTIES**

8. At all times relevant to this complaint, plaintiff was physically handicapped, and qualified as a "person with a disability," as these terms are used under California law and under federal laws including but not limited to Title II of

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

the Americans With Disabilities Act of 1990. (These terms, "physically handicapped person," "physically disabled person," and "person with disabilities," will be used interchangeably throughout this complaint.) Plaintiff is physically disabled, as defined by all applicable California and United States laws, and requires the use of a wheelchair for traveling about in public places.

9. At all times relevant herein, defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, were and/or are the controlling public entities, or the current, future or prospective owners and operators, lessors and/or lessees of public facilities, and subject to the requirements of California State law requiring full and equal access to public facilities pursuant to Sections 4450 et seq. and 11135 Government Code; Sections 54.1 and 54.3 Civil Code; and subject to Title II of the Americans With Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, and to all other legal requirements referred to in this complaint. Plaintiff does not know the relative responsibilities of defendants in the ownership, control, and operation of the facilities herein complained of, and alleges a joint venture and common enterprise by all such defendants.

10. Plaintiff is informed and believes that each of the defendants herein, including DOES 1 through 50, inclusive, is the joint authority, independent governmental body, controlling public entity, owner, constructive owner, beneficial owner, trust, trustee, agent, ostensible agent, alter ego,

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, board, commission, department, or other governmental agency, representative, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as a joint authority, independent governmental body, controlling public entity, owner, constructive owner, beneficial owner, agent, trust, trustee, ostensible agent, alter ego, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, board, commission, department, or other governmental agency, representative, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, are ascertained.

**FACTUAL ALLEGATIONS**

11. At all times relevant defendants were and/or are the controlling public entities, or the entities distributing

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

state, federal and/or public funds for use at the subject Union Square, and/or the owners and operators, lessors and/or lessees of such facility. On information and belief, such facilities were constructed, directly or indirectly, by use of federal, state, county and/or municipal funds by and through owner and operator defendants, subjecting such facilities to the requirements of Section 4450-4456 Government Code, in effect since January 1, 1968; Government Code Section 11135; Section 504 of the Rehabilitation Act of 1973; and Title II of the Americans With Disabilities Act of 1990.

12. Further, the subject square and its facilities, including its parking facilities, paths of travel, entrance facilities, counters, and other facilities, are each a "public accommodation or facility" subject to the requirements of Government Code sections 4450 et seq., and of the California Civil Code sections 54, 54.1, and 54.3. On information and belief, each such facility has, since January 1, 1968, undergone unfinished "new construction," and/or "alterations, structural repairs, and additions," each of which has subjected the subject Union Square and its public facilities to state disabled access requirements per section 4456 Government Code, and since July 1, 1982, per provisions of Title 24 of the California Code of Regulations.

13. In addition to other occasions of denial and deterrence, on November 16, 2007, plaintiff used the garage and square facilities, and was denied full and equal access, to his damage.

14. Plaintiff seeks denial and deterrence damages.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

The barriers are pervasive and are encountered by plaintiff and other similarly situated square users with mobility disabilities almost everywhere one attempts to travel at the subject square facility. On an ongoing basis during the two years preceding the filing of this complaint, plaintiff RICHARD SKAFF has been denied the right and desire to visiting the subject square by these substantial barriers, which include:

**1st Floor Garage**

(1) No high top van parking at all.

(2) Policies, practices, and procedures for accessing high top van spaces.

(3) Not enough high to van spaces.

(4) Defective or missing signage for high top van parking.

(5) Obstructions in the crosswalk serving 1st floor POT to elevators.

(6) No marked POT from some of the disabled parking to elevators.

(7) Reach range for ticket dispensers and exit machines in and out of garage on Geary Street out of compliance.

**2nd Floor Garage**

(1) No signage at head of parking spaces.

(2) Columns obstruct unloading zones.

(3) No overhead clearance for high top vans.

(4) Measure and confirm length and width of disabled parking spaces.

**3rd Floor Garage**

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

(1) Same as 2nd floor.

(2) Some signs and signposts are there.

**4th Floor Garage**

(1) Same as 2nd floor.

(2) Some signs being installed.

**Surface**

(1) Signage directing to accessible routes to reach all areas of the park.

(2) Metal plaques in the concrete walks are unacceptable and missing in many places.

(3) Raised seating on pavilions on Post Street side of the plaza is not accessible.

(4) Garage entrance at center of Geary Street into garage is too low. Sign says it is 8″2″ but it is not 8′2″ at lowest point of entry. Also entry at Post Street is 6′7″ in violation of UFAS and Title 24.

(5) Garage entrance at center of Geary Street into garage has height reduced to 6′6″ by plastic bollards.

(6) Ramp surface from Geary to inside of garage exceeds 5% slope without elements of a ramp.

(7) At Powell and Geary the ramp to the plaza is too long without an intermediate landing.

(8) No POT from boundary of site to reach this ramp.

(9) Karl's notes.

(10) No POT from Geary to plaza.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

(11) Measure and confirm interior ramp near See's Candy at SW corner of plaza.

(12) SW corner ramp cross slope exceeds 2%.

(13) Ticket window ramp of W center Powell Street cross slope exceeds 2%.

(14) Ticket window counters are too high.

(15) NW corner at Powell and Post cross slopes exceed 2%, no POT street to plaza.

(16) No POT from transportation stops at 3 of 4 corners of park (except for Post and Stockton corner).

(17) NW corner interior ramp measure and confirm slope (Karl's notes?)

(18) Interior ramp on Post Street side from Powell Street to elevator: Measure and confirm slope, intermediate landing, elements of a ramp if slope is over 5%.

(19) Center Post Street ramp to interior issues: Slope, route from transit.

(20) NE corner Post and Stockton ramp: Measure and confirm slope.

(21) Street at corned of Geary and Powell right turn lane crossing the pedestrian crosswalk is in violation and must be repaired.

(22) NW quadrant on Powell Street accessible ramp from street to plaza filled with garbage cans in POT on January 24, 2008.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

(23) NW corner Powell and Post Streets crosswalk on South side of Post Street has a raised triangle that requires disabled to veer off into vehicle traffic to cross.

(24) Cross slopes on sidewalks on all four sides of park, including the corners.

15. On information and belief, defendants have failed to provide access to multiple other facilities on site, including an adequate number of disabled parking facilities, and a failure to modify, draft or implement policies, practices, and procedures, and provide adequate training and information to staff, so as to maintain accessible parking facilities and their availability, or otherwise provide access through reasonable alternative accommodations and methods.

16. Plaintiff has complained in writing to defendants, and, on information and belief defendants have knowledge, or received notice, of plaintiff's complaints and the inability of persons like plaintiff to use facilities at the subject Union Square. Despite knowledge of the access problems, and complaints from other disabled patrons, and the passage of extended time since plaintiff and other disabled persons first provided notice of these deficiencies, defendants have failed to investigate these problems, and have failed to take the necessary action to provide legally required access features to allow "full and equal" use of the premises by physically disabled persons.

17. The removal of all such barriers was required by Title II of the ADA, section 302 and/or section 303 of the

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

ADA, section 504 of the Rehabilitation Act of 1973, and California law.

18. On information and belief, as a result of all defendants' above stated acts and omissions, plaintiff suffered loss of his Civil Rights, suffered physical stress, strain and exhaustion in attempting to negotiate barriers at the subject Union Square, suffered physical pain and discomfort, and other physical, psychological, and emotional damages, pain and suffering, all to his damages.

19. Moreover, plaintiff and other similarly situated disabled persons will continue to be damaged on an ongoing basis as long as defendants fail to provide proper disabled access in the respects complained of, as they will either be discouraged from using subject Union Square to pursue square business, or would make the visit despite the obstacles to access they would have to encounter, and suffer additional discriminatory experiences.

20. Plaintiff has no adequate remedy at law as to the recurring damages facing him each time he returns to these inaccessible facilities. Unless the relief requested herein is granted, plaintiff and many other physically disabled persons will each suffer irreparable harm in that their fundamental right to accessible public facilities while patronizing the subject Union Square will be denied and abridged.

////

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**FIRST CAUSE OF ACTION:**

**DISCRIMINATION IN VIOLATION OF TITLE II**

**OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

**(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive)**

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 20 of this complaint and incorporates them herein as if separately repled.

22. At all times hereinmentioned, plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the Americans With Disabilities Act of 1990 (hereinafter referred to alternatively as the "ADA"). Pursuant to 42 U.S.C. section 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Defendants (UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive), were and are such public entities or agents who implemented the services for such agencies. Plaintiff was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

23. Under Title II, governmental entities were required by the compliance deadline of January 26, 1992 to perform a self-evaluation and implement a "transition plan,"

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

either bringing their facilities into compliance with the ADA accessibility guidelines or altering their programs to compensate for the accessibility deficiencies discovered in the ADA self evaluation process.

24. Removal of barriers and provision of access is further required under section 504 of the Rehabilitation Act of 1973 for all recipients of federal financial assistance used to fund the operations of the square and its parking garage and other facilities, and under section 11135 Government Code for the receipt of similar state funding.

25. The defendant government entities involved have, in violation of Title II of the Americans With Disabilities Act of 1990, failed to ensure that individuals with physical disabilities, such as plaintiff, are not excluded from services, programs and activities at the subject Union Square, including those specified in paragraphs 13 through 15.

26. As a result of such discrimination, in violation of section 202 of the ADA, plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by section 203 of the ADA, including injunctive relief and damages for violation of his Civil Rights, as previously plead.

27. On information and belief, to the date of filing of the original complaint, the defendants have failed to make any of their facilities complained of and described herein properly accessible to and usable by physically disabled persons, as required by law.

28. Plaintiff requests appropriate damages for each

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

of his complained of experiences for the two year period preceding the filing of this complaint, as well as litigation expenses and costs, and reasonable attorneys' fees as provided by law.

29. Plaintiff is further informed and believes that during the applicable statutory periods the named governmental defendants and each of them have been made aware orally, in writing, and through the media and governmental sources of the inaccessibility of their public facility/business to disabled persons, such as plaintiff, and other persons with disabilities similarly situated, and of the federal and state legal obligations of owners and operators of public facilities to make their facilities accessible to disabled persons. Despite being informed of such effect on disabled persons and the manner in which their practices and lack of accessible facilities were continuing to discriminate against disabled persons on a day-to-day basis, said defendants and each of them knowingly and willfully failed and refused to take proper steps to rectify this situation and to provide full and equal access for disabled persons to each public facility referred to herein.

30. Plaintiff requests that an injunction be ordered requiring that defendants make all such facilities herein described, accessible to and usable by disabled persons, and instruct all employees as to proper policies to facilitate access, and set up practices and procedures to ensure that no disabled person who is mobility impaired is denied the use of the aforementioned facilities that are open to the general public, and that all such facilities be made "accessible to and

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

usable by" physically disabled persons.

WHEREFORE, plaintiff prays that this court grant relief as requested hereinbelow.

**SECOND CAUSE OF ACTION:**

**VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973**

**(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive)**

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint and incorporates them herein as if separately repled.

32. Plaintiff is informed and believes and therefore alleges that certain defendants, UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive, are now or have been in the past at times relevant to this complaint, recipients of federal financial assistance and that part of that financial assistance is used or has been used to fund the operations of some or all of the specific buildings and facilities described herein, and the activities which take place therein, or such defendants lease, or operate upon, facilities that have been subject to receipt of financial assistance.

33. By their actions and/or inactions in denying disabled accessible facilities at the facilities and buildings specified, defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

DOES 1 through 50, Inclusive, have violated plaintiff's rights under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder, the Uniform Federal Accessibility Standards ("UFAS").

34. By their actions or inactions in denying plaintiff his right to have the same access to the same programs, activities and environment as non-disabled persons, and by otherwise discriminating against plaintiff solely by reason of his physical disabilities, defendants and each of them have violated plaintiff's rights under section 504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder. Plaintiff seeks damages for the ongoing and continuous denial of his Civil Rights from the date of his initial attempts to use the square, or the dates he was deterred (preceding back to two years before the filing of the original complaint) to the time of trial or remediation, and for physical, mental and emotional injury, all to his damages according to proof. Further, plaintiff seeks injunctive relief requesting that the Court order defendants to correct the access deficiencies complained of herein so that plaintiff, and other similarly situated users of the subject Union Square, will not continue to be discriminated against.

35. Plaintiff has no adequate remedy at law as to facing the recurring damages facing him each time that he returns to these inaccessible facilities, and unless the relief requested herein is granted, plaintiff and other disabled persons will each suffer irreparable injury by the deprivation of access to the specified public facilities operated by

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

defendants.

WHEREFORE, plaintiff prays that the court grant relief as requested hereinbelow.

**THIRD CAUSE OF ACTION:**

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

**42 USC §§ 12101ff**

36. Plaintiff repleads and incorporates, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 35, above.

37. This cause of action pertains to all private public accommodations referenced in this complaint, including potentially the parking garage operator.

38. Pursuant to law, in 1990 the United States Congress made findings per 42 U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

society is justifiably famous..."

39. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC § 12101(b)):

> It is the purpose of this act –
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities. (Emphasis added)

40. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C 12181ff). Among "private entities" which are considered "public accommodations" and "commercial facilities."

41. Pursuant to Section 302 [42 U.S.C 12182], "[n]o

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

42. Among the general prohibitions of discrimination included in Section 302(b)(1)(A) are the following:

> § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. — It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

> § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

§ 302(b)(1)(A)(iii): "SEPARATE BENEFIT. – It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others."

43. Among the specific prohibitions against discrimination in the ADA include the following:

§ 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities..."

§ 302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;"

§ 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

44. The removal of each of the barriers complained of by plaintiff as hereinabove alleged (i.e., in paragraphs 12 through 15, above) were – at all times on or after January 26, 1992 – "readily achievable."

45. Further, at all times herein mentioned, modification of or removal of these barriers was "readily achievable" under the factors specified in the Americans with Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and the Regulations adopted

thereto.

46. Further, if defendants are collectively able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable, as required by Section 302 of the ADA [42 U.S.C. 12182].

47. "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a facility or part thereof that was altered after the effective date of Section 303 of the ADA in such a manner as to affect or that could affect the usability of the facility or part thereof by persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving a "primary function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C. 12183), also includes the failure of an entity "to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities." On information and belief, the subject building constitutes a "commercial facility," and defendants have, since the date of enactment of the ADA, performed alterations (including alterations to areas of primary

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

function) to the subject building and its facilities, public accommodations, and commercial facilities, which fail to provide facilities and paths of travel to such areas that are readily accessible to and usable by individuals with disabilities, in violation of Section 303(a)(2), and the regulations promulgated thereunder, 28 CFR Part 36ff.

48. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, Section 308, plaintiff is entitled to the remedies and procedures set forth in Section 204, subsection (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of Sections 302 and 303. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and of other disabled persons to access this public accommodation since the visit of plaintiff on or about April 18, 2005. Pursuant to Section 308(a)(2), "[i]n cases of violations of Section 302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

49. As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant to the provisions of Section 505 of the ADA (42 U.S.C. 12205) and the Department of Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505). Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require the defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section 1021.5.

WHEREFORE, plaintiffs prays that this Court grant relief as hereinafter stated:

**FOURTH CAUSE OF ACTION:**

**DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH A DISABILITY IN A PUBLIC FACILITY,**

**IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES**

50. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 49 of this complaint and incorporates them herein as if separately repled.

51. Plaintiff RICHARD SKAFF, and other similarly situated physically disabled persons (whose physical conditions require the use of a wheelchair or other mobility device and/or who have vision impairments) are unable to use public facilities at subject Union Square on a "full and equal" basis unless such facilities are brought into compliance with the provisions of

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

California Health & Safety Code sections 19955 et seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of sections 19955 et seq. Health & Safety Code.

52. Under section 54.1 Civil Code, persons with disabilities are entitled to "full and equal access" to public accommodations. "Public accommodations" are further defined as a building, structure, facility complex, or improved area which is used by the general public and shall include parking lots, paths of travel, counters, and attendant facilities.

53. Defendants participate in the operation of the subject public accommodation, subjecting the property and all such defendants to the requirements of California's Disabled Rights statutes.

54. Health & Safety Code Section 19955 provides in pertinent part:

> (a) The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

55. Health and Safety Code Section 19956, which

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

appears in the same chapter as 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code...."

56. Section 19956 Health & Safety Code was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the subject Marriott were constructed and/or altered after July 1, 1970, and portions of the subject building were structurally remodeled, altered and have undergone structural repairs or additions after July 1, 1970. Such construction required such building and its public accommodation facilities to be subject to the requirements of Part 5.5, Sections 19955, et seq., of the Health and Safety Code, which requires provision of access upon "alterations, structural repairs or additions" per Section 19959 Health & Safety Code, or upon a change of occupancy (a form of "alteration").

57. Multiple construction, alterations, structural repairs and/or additions were completed on the subject Union Square property after the January 1, 1968 effective date of Government Code Sections 4450 et seq., and the July 1, 1970 effective date of Healthy & Safety Code Section 19955-19959, legally requiring that proper access for disabled persons be provided in each and every regard complained of in the Complaint.

58. Construction or alteration at such facilities also triggered access requirements pursuant to section 4456 Government Code and Title 24 of the California Code of

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Regulations. Further, section 19955 Health & Safety Code also requires that, "[w]hen sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations (formerly known as the California Administrative Code and now known as the California Building Code), was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" is carried out. Title 24 imposes additional access requirements with which defendants have not complied, including additional requirements for accessible restrooms which serve the areas of alteration.

59. As a result of the actions and failure to act of defendants and each of them, and as a result of the failure to provide proper disabled accessible facilities as above described, plaintiff RICHARD SKAFF was denied his Civil Rights, including his right to full and equal access to public facilities, was embarrassed and humiliated, suffered physical, psychological and mental injuries and emotional distress, all to the general damages of plaintiff in an amount within the jurisdiction of this Court.

60. If his government claim is denied, Plaintiff automatically seeks hereunder damages per incident or deterrence on a continuing and ongoing basis for the period preceding within the six months before the filing of his original

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

government claim, and the continuous and ongoing damages suffered thereafter.

61. As a result of the defendants' continuing failure to provide proper access for disabled persons to use the public facilities, plaintiff has continually been denied his rights to full and equal access to subject Union Square and its attendant facilities on an ongoing basis for the above specified period up to the filing of this complaint and continuing until defendants provide accessible facilities in each of the respects complained of herein.

62. The acts and omissions of defendants as complained of herein are continuing on a day by day basis to have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to the public facilities involved. Such acts and omissions continue to treat plaintiff as inferior and a second class citizen and serve to discriminate against him on the sole basis that he is physically disabled and requires the use of a wheelchair for movement in public places; plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve full and equal access to these public facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this court.

63. WHEREFORE, plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by those defendants which currently own, operate or lease the premises, or who control such premises as the operating public

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

entities, to grant such access to plaintiff and other similarly situated persons, and to require such defendants to comply forthwith with the applicable statutory requirements relating to access for the disabled. Such injunctive relief is provided by section 19953 Health & Safety Code and California Civil Code section 55. Plaintiff further request that the court award statutory attorneys' fees, litigation expenses and costs to plaintiff pursuant to section 19953 Health & Safety Code, Civil Code section 55, and Code of Civil Procedure section 1021.5, all as hereinafter prayed for.

**FIFTH CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450 *ET SEQ.***

**(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive)**

64. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 63 of this complaint and incorporates them herein as if separately repled.

65. Plaintiff is informed and believes and therefore alleges that the facilities at the subject Union Square are buildings, structures or related facilities within the meaning of California Government Code sections 4450 and 4451, and which were built, maintained or leased with public funds. Plaintiff is further informed and believes and therefore alleges that the governmental defendants and their predecessors in interest, as joint tortfeasors and joint venturers, have constructed,

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

altered, or repaired parts of such subject Union Square facilities within the meaning of California Government Code sections 4450 and 4451 since July 1, 1968, thereby requiring provision of access to persons with disabilities, as required by law. Further, since January 1, 1982, construction or alteration at such facilities also triggered access requirements pursuant to section 4456 Government Code and Title 24 of the California Code of Regulations.

66. The named defendants participate in the operation of the subject public accommodation, subjecting the property and all such defendants to the requirements of sections 4450ff Government Code.

67. Plaintiff has standing to enforce the provisions of sections 4450ff Government Code under section 19953 Health & Safety Code.

68. The actions and inactions of the defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Government Code sections 4450 *et seq.* Plaintiff has no adequate remedy at law as to facing the recurring damages facing him each time that he and other similarly situated disabled persons return to these inaccessible facilities, and unless the relief requested herein is granted, plaintiff and many other physically disabled persons will each suffer irreparable harm in that their fundamental right to accessible public facilities while patronizing the subject Union Square will be denied and abridged. Plaintiff seeks injunctive relief under section 19953 Health & Safety Code (governing

enforcement of actions under sections 4450ff Government Code), and recovery of reasonable attorneys' fees and costs.

WHEREFORE, plaintiff prays that this court grant relief as requested hereinbelow.

**SIXTH CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS**

**(§§54, 54.1 and 55 CIVIL CODE)**

69. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 68 of this complaint and incorporates them herein as if separately repled.

70. The facilities were directly or indirectly constructed, maintained or leased with local, state, and federal funds, subjecting such facilities to the requirements of sections 4450ff Government Code, Title II of the Americans With Disabilities Act and section 504 of the Rehabilitation Act of 1973.

71. The aforementioned acts and omissions of defendants and each of them constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including plaintiff RICHARD SKAFF. Said acts and omissions are also in violation of provisions of Title 24 of the California Administrative Code (later known as the California Code of Regulations and the California Building Code.)

72. On or about the above dates complained of, and on multiple occasions thereafter, including occasions of deterrence, plaintiff RICHARD SKAFF suffered violations of

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

sections 54 and 54.1 Civil Code in that he was denied full and equal access to the subject Union Square facilities on the basis that he was physically disabled persons.

73. Plaintiff is further informed and believes that before and after such dates, the named defendants and each of them were made aware orally, in writing, and through the media and governmental sources of the inaccessibility of their public facility/business to disabled persons, such as plaintiff, and other persons with disabilities similarly situated, and of the federal and state legal obligations of owners and operators of public facilities to make their facilities accessible to disabled persons. Despite being informed of such effect on disabled persons and the manner in which their practices and lack of acceptable facilities were continuing to discriminate against disabled persons on a day-to-day basis, said defendants and each of them knowingly and willfully failed and refused to take any steps to rectify this situation and to provide full and equal access for disabled persons to each public facility referred to herein.

74. At all times since plaintiff's above specified complaints, and on information and belief for periods prior to this date, defendants were on notice of the requirements of the law relating to provision for full and equal disabled access. Especially as defendants were on full notice, each day that defendants have continued to deny access to disabled persons constitutes a new and distinct violation of plaintiff's right to full and equal access to this public facility, in violation of Sections 54 and 54.1, et seq. Civil Code. In the event his

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Government Claim is denied, and in the event of a default judgment against any particular defendant, plaintiff will seek an injunction requiring provision of all access called for in this complaint, plus damages of $1,000 per incident and deterrence from the date of plaintiff's filing of this complaint, and for each incident or deterrence during the six months preceding the filing of the original government claim, plus reasonable attorneys' fees, litigation expenses and costs as set by the court, until the site is brought into full compliance with state and federal access laws protecting the rights of the disabled, or, alternatively, until the date of entry of default.

75. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants and each of them in owning, operating, and maintaining this subject public facility, plaintiff RICHARD SKAFF suffered violations of his Civil Rights including but not limited to rights under sections 54 and 54.1 Civil Code, and suffered physical injury and discomfort, emotional shock, mental and emotional distress, embarrassment and humiliation, all to his damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that he was physically disabled and unable, because of the architectural barriers created by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

76. If his government claim is denied, Plaintiff automatically seeks hereunder damages per incident or deterrence

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

on a continuing and ongoing basis for the period preceding within the six months before the filing of his government claim, and the continuous and ongoing damages suffered thereafter.

77. Subject to the terms of the preceding paragraph, plaintiff also seeks damages against all defendants for the violation of his rights as a person with a disability during his patronage at the subject Union Square, and on multiple visits thereafter, according to proof, pursuant to section 54.3 Civil Code, including a trebling of all statutory and actual damages, general and special, available pursuant to section 54.3 Civil Code. If his government claim is denied, Plaintiff automatically seeks hereunder damages for such defendants' continuing to maintain such facilities in an inaccessible condition since date of his earliest visit (within six months of the filing of his Government Claim), and continuing to the date of the filing of the original complaint, and thereafter until defendants provide full and equal access. Plaintiff also seeks injunctive relief against all defendants pursuant to section 55 Civil Code, requiring defendants to make their facilities accessible to disabled persons in each of the respects complained of herein.

78. As a result of defendants' acts and omissions in this regard, plaintiff RICHARD SKAFF has been required to incur legal expenses and hire an attorney in order to enforce plaintiff's rights and enforce provisions of the law protecting access for persons with disabilities and prohibiting discrimination against persons with disabilities. Plaintiff therefore seeks recovery in this lawsuit for all reasonable

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

attorneys' fees and costs incurred pursuant to the provisions of sections 54.3 and 55 Civil Code. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require the defendants to make their facilities accessible to all disabled members of the public, conferring a significant public benefit, and justifying attorneys' fees, litigation expenses and costs pursuant to the provisions of section 1021.5 Code of Civil Procedure.

WHEREFORE, plaintiff prays for damages and declaratory and injunctive relief as hereinafter stated.

**SEVENTH CAUSE OF ACTION:**

**DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLES II & III OF THE AMERICANS WITH DISABILITIES ACT UNDER CALIFORNIA'S DISABLED RIGHTS ACT**

79. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 78 of this complaint and incorporates them herein as if separately repled.

80. Each violation of the Americans With Disabilities Act of 1990, as complained of in the First & Third Causes of Action hereinabove (the contents of which cause of action is incorporated herein as if separately repled), is also a violation of section 54(c) and section 54.1(d) California Civil Code, further and independently justifying damages, injunctive and other statutory relief per section 54.3 and 55 California Civil Code.

81. If his government claim is denied, Plaintiff

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

automatically seeks hereunder damages per incident or deterrence on a continuing and ongoing basis for the period preceding within the six months before the filing of his original government claim, and the continuous and ongoing damages suffered thereafter. As to plaintiff's supplemental Government Claim, per his supplemental government claim now pending, plaintiff will seek such damages for the further barriers therein specified (for the six months preceding the original filing) when and if the supplemental claim is denied.

82. Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, plaintiff will suffer irreparable harm in that they will continue to be discriminated against and denied access to the specified public facilities. Because plaintiff seeks improvement of access for persons with disabilities, which will benefit a significant portion of the public, plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil Procedure, section 54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

////

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**EIGHTH CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA GOVERNMENT CODE §11135**

**DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE FROM THE STATE**

**(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive)**

83. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 82 of this complaint and incorporate them herein as if separately repled in full.

84. The administration, supervision and maintenance by the Government Defendants of the specified public facilities and of the activities therein are funded, at least in part, by the State of California through grants, credits, and other funding measures.

85. The defendants have failed to make these facilities accessible to and usable by disabled persons in violation of California Government Code section 11135 *et seq.*

86. Pursuant to recent amendments of section 11135, a civil action for injunctive relief is available to remedy violations.

87. Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, plaintiff and other similarly situated disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to the specified public facilities. Because plaintiff seeks improvement of access for persons with

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

disabilities, which will benefit a significant portion of the public, plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil Procedure.

Wherefore, plaintiff prays that the court grant relief as requested hereinbelow.

**NINTH CAUSE OF ACTION**

**(Declaratory Relief)**

88. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 87 of this complaint and incorporates them herein as if separately repled.

89. A present and actual controversy exists among the respective rights and obligations of plaintiff and defendants, and separately, as to the obligations that have been impressed by the aforementioned statutes against the Union Square property irrespective of past or future ownership. Plaintiff requests a judicial determination of his rights and such obligations in a declaration, and also as to whether and to what extent defendants' conduct and the current configuration of the property violates applicable law.

90. Such a declaration is necessary and appropriate at this time in order that Plaintiff may ascertain his rights. Such declaration is further necessary and appropriate to prevent further harm or infringement of Plaintiff's Civil Rights.

Wherefore, plaintiff prays the court grant relief as requested hereinbelow.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**PRAYER FOR RELIEF**

Plaintiff prays that this Court award damages and provide relief as follows:

1. Grant injunctive relief requiring that those of the defendants which currently own, operate, control or lease the subject premises, repair the premises and render them safe to disabled persons, and modify their policies and procedures, and otherwise provide "full and equal access" to the public areas herein complained of, and make such facilities "readily accessible to and usable by individuals with disabilities," according to the standards of sections 54 and 54.1 et seq. of the California Civil Code; Title 24 of the California Administrative Code; Sections 19955-19959 of the Healthy & Safety Code; Sections 4450-4456 of the California Government Code; section 11135 of the California Government Code; section 504 of the Rehabilitation Act of 1973; Title II of the Americans With Disabilities Act of 1990; the Americans With Disabilities Act Access Guidelines; and provide full and equal access to physically disabled persons, including plaintiff, in all manners required by such statutes and government regulations;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions complained of herein no longer exist, and will not recur;

3. Issue a declaratory judgment that defendants' actions and omissions, and failures, including to modify the premises in compliance with the law, and to make reasonable accommodations and reasonable modifications for plaintiff and

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

other similarly situated disabled persons violates the rights plaintiff and other similarly situated persons rights under the Health & Safety Code Sections 19955-19959; Government Code Sections 4450-4455 & 11135; Civil Code Sections 54, and 54.1 et seq.; Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et seq., and the regulations promulgated thereunder; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder; and the due process clauses of the United States and California Constitutions.

4. Issue a declaratory judgment regarding the obligations impressed by law against the Union Square, and declaring that plaintiff is entitled to disabled accessible and usable subject Union Square facilities including its parking facilities, paths of travel, and counter facilities, and other facilities, so that they may make use of the public facilities and participate in the activities offered by defendants without suffering discrimination or impediment on the basis of his disability;

5. If defendants deny his government claim, plaintiff automatically seeks hereunder an award of statutory and "actual" damages against all defendants, including general damages and special damages, according to proof, against such defendants pursuant to section 54.3 Civil Code, and that these damages be trebled;

6. Award damages against all defendants pursuant to section 504 of the Rehabilitation Act.

7. Award damages against the government entity

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

defendants pursuant to Title II of the Americans With Disabilities Act.

8. Award prejudgment interest on all compensatory damages;

9. Award all costs of this proceeding and all reasonable attorneys' fees, litigation expenses and costs as provided by law, including but not limited to those recoverable pursuant to the provisions of sections 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure, section 19953 Health & Safety Code, section 505 of the Americans With Disabilities Act, and section 504a of the Rehabilitation Act of 1973; and

10. Grant such other and further relief as this Court may deem just and equitable.

Dated: March 28, 2008

THIMESCH LAW OFFICES
TIMOTHY S. THIMESCH

Attorneys for Plaintiff
RICHARD SKAFF

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all claims for which a jury is permitted.

Dated: March 28, 2008

Attorneys for Plaintiff
RICHARD SKAFF

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401